UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

JULIE HOWARD,

    *Plaintiff*,

v.                                                      Case No.:

CARNIVAL CORPORATION,
a Foreign Corporation,

    *Defendant.*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIE HOWARD, sues Defendant, CARNIVAL CORPORATION, a Foreign Corporation, for damages and alleges as follows:

### JURISDICTION AND VENUE

1. The Plaintiff JULIE HOWARD is a resident of Georgia.

2. Defendant CARNIVAL CORPORATION is a Panamanian corporation doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. CARNIVAL's principal place of business is in Florida.

3. During all times material, Defendant CARNIVAL owned and operated the vessel CARNIVAL GLORY on a cruise from New Orleans, Louisiana, to Cozumel and Belize.

4. Diversity Jurisdiction is proper under 28 U.S.C. §1332 as the parties are diverse and the amount in controversy exceeds $75,000.00. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

5. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

## FACTS COMMON TO ALL COUNTS

Plaintiff hereby repeats and realleges paragraphs 1 – 5 as fully incorporated herein. Plaintiff further alleges:

6. At all times material, Defendant Carnival owned and operated the vessel CARNIVAL GLORY.

7. Plaintiff, JULIE HOWARD, was a fare-paying passenger aboard the CARNIVAL GLORY ("the vessel") on May 30, 2019.

8. While the ship was at sea, Ms. HOWARD was walking back to her cabin and coming from "Guy's Burger Joint." As she was walking through the Atrium area of the ship on Deck 9, she suddenly and unexpectedly slipped on the marble floor, fell, and became injured.

9. After she fell, Ms. Howard realized that she had slipped in liquid. She noticed puddles on the floor in the area where she fell. At that time Ms. Howard also noticed that there were crewmembers in the area cleaning up spilled French fries, mustard, and ketchup from the floor.

10. As a result of slipping and falling, Ms. Howard sustained injuries to her left ankle, left wrist, and back and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff hereby repeats and realleges paragraphs 1 – 10 as fully incorporated herein. The Plaintiff further alleges:

11. Defendant Carnival had the duty to exercise reasonable care under the circumstances with regard to passengers on its ships. This duty included the duty to warn Plaintiff

of hazardous or dangerous conditions that it either knew of, or should have known of, in areas where passengers were either invited or reasonably expected to visit during the cruise.

12. There were no warning signs or cones posted to alert Ms. Howard or other passengers of the hazardous wet area.

13. The dangerous condition was not open and obvious, because the liquid appeared to be clear and was located in an unexpected area, and not obvious to the reasonable person watching where she is walking.

14. Prior to the Plaintiff's injury, the Defendant had both actual and constructive knowledge of the dangerous condition. The Defendant knew or reasonably should have known through its employees working nearby in the area that there was liquid on the floor. The Defendant also had constructive knowledge of the dangerous condition based on other slip and fall injuries in this area caused by spilled liquid, and slip and falls are the leading cause of injuries on the Defendant's ships.

15. On May 30, 2019, the Defendant and/or its agents, servants and/or employees and/or crewmembers breached its duty of care to the Plaintiff and was negligent by failing to warn the Plaintiff of the dangerous condition of the subject liquid.

16. The above acts and/or omissions proximately caused and/or contributed to the Plaintiff being injured, because the Plaintiff either would have avoided the area of the liquid while walking or would not have gone on the cruise had she known she could not rely on the Defendant to warn her when she would encounter known dangers on the vessel.

17. As a direct and proximate result of the Defendant's negligent failure to warn the Plaintiff of the dangerous condition, the Plaintiff sustained severe injury to her left ankle, left wrist, back, and other parts of her body resulting in pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff Julie Howard prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN THE SHIP IN A SAFE CONDITION

Plaintiff hereby repeats and realleges paragraphs 1 – 10 as fully incorporated herein. Plaintiff further alleges:

18.   Defendant Carnival owed the Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise. This duty includes the duty of maintaining the ship so that it is reasonably safe for its passengers.

19.   On May 30, 2019, the Defendant and/or its agents, servants and/or employees and/or its crewmembers breached its duty of care to the Plaintiff and was negligent through the following acts and/or omissions:

   a.   by failing to take reasonable action to maintain the area where Plaintiff fell;

   b.   by failing to reasonably monitor the area for leaks, , spills, accumulation of liquid, and puddles;

   c.   by failing to take reasonable preventative measures to avoid the accumulation of liquid in the area;

        d.        by failing to properly maintain slip resistance of the subject flooring;

        e.        by failing to dry the area in a reasonable time;

        f.        by failing to implement reasonable policies and procedures to discover areas of liquid accumulation such as the subject condition in light of the known high risk of slip and fall injuries on its ships and past injuries which have occurred in the same area or which occurred under substantially similar conditions; and

        g.        by failing to use reasonable care under the circumstances.

20.    The Defendant knew or should have known of the subject dangerous condition. The Defendant had employees working in the area who either did see the liquid and failed to take action, or should have seen the liquid based on proximity of working in the area. The Defendant has also had passengers slip, fall, and become injured in this same location or under same or substantially similar circumstances prior to the Plaintiff's fall.

21.    The above actions and/or omissions proximately caused or contributed to the Plaintiff's injuries because, if the Defendant would have taken reasonable action to maintain the subject area before and after the accumulation of liquid, Plaintiff would not have slipped, fallen and sustained the above-mentioned injuries.

22.    The subject liquid was not open and obvious because it appeared to be clear, was located in an unexpected area, and was not readily apparent to a reasonable person through the ordinary use of her senses. Additionally, any assertion that the condition was "open and obvious" by the Defendant does not discharge its duty reasonably maintain the area.

23.    As a direct and proximate result of the Defendant's negligent failure to maintain the area, the Plaintiff sustained severe injuries to her left ankle, left wrist, back, and other parts of

her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff Julie Howard prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Catherine Saylor
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff*